## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **BARBARA BAYLOR**<br>2022 Fort Davis Street, SE<br>Washington, DC<br>20020<br><br>    Plaintiff,<br><br>v<br><br>**WASHINGTOIN METROPOLITAN AREA TRANSIT AUTHORITY (WMATA)**<br>Serve:  Susan Serrian (Registered Agent)<br>600 Fifth Street, NW<br>Washington, DC 20001<br><br>And<br><br>**ULRICK PAULEMON**<br>405 E. Indian Springs Drive<br>Silver Spring, Maryland 20910<br><br>**DISTRICT OF COLUMBIA**<br>441 4th Street, N.W.<br>Washington, DC 20001<br><br>Serve:<br><br>Mayor Muriel Bowser<br>1350 Pennsylvania Avenue<br>Washington, DC 20004<br><br>Attorney General Karl Racine<br>Office of the Attorney General<br>441 4th Street, N.W.<br>Washington, DC 20001<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.   2022 CA 001510 V<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COMES Plaintiff, Barbara Baylor (hereinafter "Plaintiff") by and through

counsel, Jeffery W. Styles, Esq. of the Washington Legal Group, and complains as follows:

## JURISDICTION AND VENUE

1. Jurisdiction and Venue are vested in this Court Pursuant to D.C. §11-921 (1981 ed., as amended), since a substantial part of the events, acts and/or omissions giving rise to Plaintiffs claims occurred in the District of Columbia. This accident which gives rise to this action occurred in the District of Columbia.

## PARTIES

2. Plaintiff, Barbara Baylor is a resident of the District of Columbia and resides at 2022 Fort Davis Street, SE., Washington, DC 20020.

3. Defendant, Ulrick Paulemon is a resident of the state of Maryland.

## STATEMENT OF FACTS COMMON TO ALL ACCOUNTS

4. That on or about December 10, 2018, Plaintiff was a passenger in a vehicle that was owned by Defendant WMATA and operated by it's permissive use employee David Crenshaw that was travelling in the 2000 block of 38th Street, SE, when without warning a school bus that was owned by Defendant District of Columbia and operated by Defendant's permissive use employee recklessly and negligently failed to pay full time and attention and failed to operate his vehicle in a safe and prudent manner and collided into the rear of Defendant WMATA vehicle causing a collision.

5. The Defendant District of Columbia employee Ulrick Paulemon and Defendant WMATA employee David Crenshaw failed to pay full time and attention, failed to yield the right of way, failed to obey the traffic signal and failed to operate its vehicle in a safe and prudent manner.

## Count 1
## Negligence
### (Failure to Operate a Vehicle in a Safe Manner)

6. That the Plaintiff re-alleges and incorporates by reference by paragraphs one (1) through five (5) of the Complaint.

7. That at all relevant times herein mentioned, the Defendants WMATA and District of Columbia owed the Plaintiffs a duty to operate their vehicle in a safe and prudent manner and in compliance with the motor vehicle laws of the District of Columbia.

8. That the Defendants WMATA and District of Columbia breached the duty it owed to the Plaintiff to operate its vehicle in a safe manner in compliance with the laws of the District of Columbia.

9. That as a result of said breach of the duty owed to the Plaintiff, the Plaintiff sustained significant and painful physical injuries to his person.

WHEREFORE, the premises considered, Plaintiff prays:

a) That this Court award Plaintiff judgment against the Defendants WMATA and District of Columbia in the sum of $100,000.00;

b) That this Court award the Plaintiff compensatory damages in the sum of $100,000.00.

c) That this Court award Plaintiff the cost of this action and reasonable attorney fees against the Defendants WMATA and District of Columbia.

d) That this Court award Plaintiff such other and further relief as it deems necessary.

## Count II
## Respondent Superior

10. That the Plaintiff re-alleges and incorporates by reference by paragraphs one (1) through nine (9) of the Complaint.

11. That at all relevant times herein mentioned, Ulrick Paulemon was employed by the District of Columbia, Inc. and was operating the vehicle with the consent and was pursuing his employers business interest when the instant accident occurred.

12. That Ulrick Paulemon was operating his employers vehicle within the scope of his employment.

13. That at all relevant times herein mentioned, David Crenshaw was employed by Defendant WMATA and was operating the vehicle with the consent and was pursuing his employers business interest when the instant accident occurred.

14. That David Crenshaw was operating his employers vehicle within the scope of his employment.

WHEREFORE, the premises considered, Plaintiff prays:

a) That this Court award Plaintiff judgment against the Defendants in the sum of $100,000.00;

b) That this Court award the Plaintiff compensatory damages in the sum of $100,000.00.

c) That this Court award Plaintiff the cost of this action and reasonable attorney fees against the Defendants.

d) That this Court award Plaintiff such other and further relief as it deems necessary.

## Count III
### Negligent Entrustment District of Columbia

15. That the Plaintiff re-alleges and incorporates by reference by paragraphs one (1) through fourteen (14) of the Complaint.

16. That the District of Columbia entrusted the operation of its vehicle to Ulrick Paulemon to further its business.

17. That Ulrick Paulemon actions were reckless in causing the said automobile accident with the Plaintiff.

18. That Defendant District of Columbia knew or should have known that Ulrick Paulemon was reckless and or incompetent in the operation of its vehicle.

19. That at all relevant times herein mentioned, the Defendant and owed the Plaintiffs a duty to operate their vehicle in a safe and prudent manner and in compliance with the motor vehicle laws of the District of Columbia.

20. That the Defendant breached the duty it owed to the Plaintiff to operate its vehicle in a safe manner in compliance with the laws of the District of Columbia.

21. That as a result of said breach of the duty owed to the Plaintiff, the Plaintiff sustained significant and painful physical injuries to her person.

WHEREFORE, the premises considered, Plaintiff prays:

a) That this Court award Plaintiff judgment against the Defendant in the sum of $100,000.00;

b) That this Court award the Plaintiff compensatory damages in the sum of $100,000.00.

c) That this Court award Plaintiff the cost of this action and reasonable attorney fees against the Defendant.

d) That this Court award Plaintiff such other and further relief as it deems necessary.

## Count IV
## Negligent Entrustment WMATA

22. That the Plaintiff re-alleges and incorporates by reference by paragraphs one (1) through twenty-one (21) of the Complaint.

23. That WMATA entrusted the operation of its vehicle to David Crenshaw to further its business.

24. That David Crenshaw actions were reckless in causing the said automobile accident with the Plaintiff.

25. That Defendant WMATA knew or should have known that David Crenshaw was reckless and or incompetent in the operation of its vehicle.

26. That at all relevant times herein mentioned, the Defendant and owed the Plaintiffs a duty to operate their vehicle in a safe and prudent manner and in compliance with the motor vehicle laws of the District of Columbia.

27. That the Defendant breached the duty it owed to the Plaintiff to operate its vehicle in a safe manner in compliance with the laws of the District of Columbia.

28. That as a result of said breach of the duty owed to the Plaintiff, the Plaintiff sustained significant and painful physical injuries to her person.

WHEREFORE, the premises considered, Plaintiff prays:

a) That this Court award Plaintiff judgment against the Defendant in the sum of $100,000.00;

b) That this Court award the Plaintiff compensatory damages in the sum of

$100,000.00.

c) That this Court award Plaintiff the cost of this action and reasonable attorney fees against the Defendant.

d) That this Court award Plaintiff such other and further relief as it deems necessary.

## JURY DEMAND

Plaintiff demands a jury of twelve on all issues triable by a jury.

Respectfully submitted,

_____
Jeffery W. Styles, Esq. #475264
Washington Legal Group
1001 Connecticut Avenue, NW, #1138
Washington, D.C. 20036
(202) 503-1708
Attorney for Plaintiff